IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROMEO ROSAS, | § | |
|     TDCJ-CID NO. 1225767, | § | |
| | § | |
| v. | § | C.A. NO. C-06-379 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     DIRECTOR, TDCJ-CID. | § | |

**MEMORANDUM AND RECOMMENDATION
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice,

Correctional Institutions Division, and currently is incarcerated at the Eastham

Unit in Lovelady, Texas.  Proceeding pro se, petitioner filed this habeas corpus

petition pursuant to 28 U.S.C. § 2254 on August 17, 2006.  (D.E. 1).  Respondent

filed an answer on October 17, 2006.  (D.E. 9).  On November 21, 2006,

respondent filed a motion for summary judgment arguing that petitioner has failed

to demonstrate that he is entitled to habeas relief.  (D.E. 11).  Petitioner filed a

response on November 29, 2006.  (D.E. 12).  For the reasons stated herein, it is

respectfully recommended that the respondent's motion for summary judgment be

granted.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 156th District Court in Bee County, Texas, and therefore, jurisdiction is proper in this Court.

## II.  BACKGROUND

**A.    Procedural Background.**

Respondent has lawful custody of petitioner pursuant to a judgment of the 156th District Court of Bee County, Texas, in cause number B-03-2109-0-CR-B, styled The State of Texas v. Romeo Rosas.  Clerk's Record, at 1.[1]  In March 2004, a jury found petitioner guilty of burglary of a habitation, a first degree felony.  Id. at 83.  After finding an enhancement allegation to be true, the jury sentenced him to twenty-five years in prison.  Id.

On July 7, 2005, the Thirteenth Court of Appeals of Texas affirmed his conviction.  Rosas v. State, No. 13-04-213-CR, slip op. (Tex. App. 2005).  In his appeal, he argued that the evidence was legally insufficient to support his conviction because the owner of the habitat who was named in the indictment did not testify at his trial.  Id. at 1.  The court nonetheless found the evidence

---

[1] The Clerk's Record will be designated as "C.R." with the page numbers following the designation.

sufficient.  Id. at 2.  He did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

On March 17, 2006, petitioner filed an application for state writ of habeas corpus.  Ex parte Rosas, App. No. WR-65,119-01, at 2.  The Texas Court of Criminal Appeals denied his application without written order on August 9, 2006.  Id. at cover.  On August 17, 2006, he filed this action.  (D.E. 1, at 9).

**B.   Factual Background.**

In her opening statement to the jury at petitioner's trial, the prosecutor summarized the events that led to his arrest.  Reporter's Record, Volume 2, at 16-19.[2]  She stated that while the owner of the home, Mary Aman, was out of town, her daughter, Leslie Pearson, was living in her house, and had care, custody, and control of the house.  Id. at 16-17.  On the afternoon of petitioner's arrest, Ms. Aman's neighbor, Jan Baylor, returned home from work early because she was sick.  Id. at 17.  She heard a noise, went to her front door and looked out, and saw a man kicking in the front door to Ms. Aman's home, and then going into the home, carrying something with him.  Id.  She called the police.  Id. at 18.  When the police arrived, they entered the home through the back door and found a gas can on

---

[2] The Reporter's Record will be designated as "R.R." with the volume number preceding the designation, and the page numbers following the designation.

the floor in the kitchen.  Id.  They found petitioner in the den of the home, with

jewelry in his hand.  Id.  Upon a search, a ring was found in his pocket.  Id. at 19.

Ms. Pearson arrived at the house while the police were there, and observed the

defendant in the police car.  Id.

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises the following claims in his petition:

(1) the evidence against petitioner was insufficient to sustain a conviction,

(D.E. 1, at 7);

(2) he received ineffective assistance of counsel at both the trial and

appellate levels because:

(a) trial counsel failed to investigate the case and prepare a sound

defense, id. at 7;

(b) trial counsel failed to call witnesses to disprove his guilt, id.;

(c) trial counsel failed to object to numerous errors, id.;

(d) appellate counsel failed to raise reversible errors, id.;

(3) his due process rights were violated because of misconduct by the

prosecutor because:

(a) the prosecutor failed to correct perjured testimony, id. at 8; and

(b) the prosecutor improperly communicated with the jurors, id.

4

## IV.  EXHAUSTION OF STATE COURT REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  Respondent does not dispute that petitioner exhausted his state court remedies before filing this petition.  (D.E. 11, at 2).

## V.  STANDARD OF REVIEW

**A.      Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is applicable to habeas petitions filed after its effective date, "federal habeas relief is only merited where the state court decision is both incorrect *and* objectively unreasonable."  Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); see also 28 U.S.C. § 2254(d)(1); Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002).  The

AEDPA's provisions "ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  Id. at 694 (citing Williams, 529 U.S. at 404-05).  The Court explained:

> A federal court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principles but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

Id. (citations omitted).

The Fifth Circuit has held that federal courts may not grant a writ of habeas corpus merely on the finding of an error by a state court, but rather only where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts."  Hill v. Johnson,

210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  A federal habeas court is to

review only a state court's decision, and not the written opinion explaining its

decision.  Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003).  The state

court's "ultimate decision" is to be tested for reasonableness, "not every jot of its

reasoning."  Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore,

a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so

long as neither the reasoning nor the result of the state-court decision contradicts

them.'"  Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537

U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is only

available if a state court decision is unreasonable.  Montoya v. Johnson, 226 F.3d

399, 404 (5th Cir. 2000).  A federal district court "must reverse when [that court]

conclude[s] that the state court decision applies the correct legal rule to a given set

of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner

v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  The focus of the "unreasonable

application" test of § 2254(d) is "on the ultimate legal conclusion that the state

court reached and not on whether the state court considered and discussed every

angle of evidence."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)

(per curiam).

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  <u>Morrow</u>, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)); <u>see also</u> <u>Jackson v. Johnson</u>, 150 F.3d 520, 524 (5th Cir. 1998).  The presumption of correctness is accorded to adjudications made by a state court during review of a petitioner's state petition for habeas corpus relief. <u>See</u> <u>Morrow</u>, 367 F.3d at 315.  The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair."  <u>Id.</u> (citing <u>Valdez v. Cockrell</u>, 274 F.3d 941, 950-51 (5th Cir. 2001)).  The presumption of correctness also applies to mixed questions of law and fact.  <u>Valdez</u>, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted).  Findings of fact may be implied from conclusions of law.  <u>See</u> <u>Goodwin v. Johnson</u>, 132 F.3d 162, 183-84 (5th Cir. 1997).

**B.**     **Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is appropriate when there is no disputed issue of material fact, and one

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court

must consider the record as a whole by reviewing all pleadings, depositions,

affidavits, and admissions on file, and by drawing all reasonable inferences in

favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d

448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing

the court of the basis for its motion and identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d

958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light

most favorable to the non-movant, and all reasonable doubts must be resolved

against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to

the non-movant to show that summary judgment is not appropriate.  Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of

S. Houston , 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on

the mere allegations of the pleadings to sustain his burden, but must set forth

material controverted facts in the response to the motion for summary judgment.

Fed. R. Civ. P. 56(e); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49

(1986).  Summary judgment is proper if the non-movant fails to make a showing

sufficient to establish the existence of an element essential to his case on which he

bears the burden of proof.  <u>ContiCommodity Servs., Inc. v. Ragan</u>, 63 F.3d 438,

441 (5th Cir. 1995); <u>Celotex</u>, 477 U.S. at 322-23.

## VI.  DISCUSSION

### A.     Application of AEDPA's Deference to Petitioner's Claims.

The Texas courts have already considered and rejected petitioner's claims.

<u>Ex parte Rosas</u>, App. No. WR-65,119-01, at cover.  The claims that he is pursuing

in this petition were raised in his state habeas corpus application.  <u>Id.</u> at 7-8; (D.E.

1, at 7-8).  The Texas Court of Criminal Appeals denied his state habeas

application without written order.  <u>Id.</u> at cover.  This denial of petitioner's

application, even though it does not contain a written opinion, is not silent or

ambiguous.  <u>See Ex parte Torres</u>, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)

(holding a "denial" signifies an adjudication on the merits).  It is a decision on the

merits and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); <u>see also</u>

<u>Neal v. Puckett</u>, 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas

proceedings, "adjudication 'on the merits' is a term of art that refers to whether a

court's disposition of the case was substantive").

Thus, deference to the state court decision is mandated by § 2254(d).  See Morrow, 367 F.3d at 313.  Petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's adjudication on his claims was "contrary to, or involved an unreasonable application, of clearly established federal law" or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

**B.    Petitioner's Claim of Insufficient Evidence.**

Petitioner claims that his constitutional right to due process has been violated because the evidence against him is insufficient to sustain his conviction. He alleges that the state should have presented the testimony of Leslie Pearson, who was named as the owner of the home in the indictment.  (D.E. 1, at 7)  He further alleges that her testimony would have exonerated him because they were acquainted.  Id.  Finally, petitioner argues in his response to respondent's Answer that the state's failure to present the testimony of Ms. Pearson denied him the right to confront his accuser.  (D.E. 12, at 2).[3]

---

[3] In his response to respondent's Answer, petitioner contends that the state's failure to call Leslie Pearson to testify amounts to a denial of his right to confront his accuser.  However, petitioner's Sixth Amendment right to confront witnesses against him encompasses only those witnesses who are actually testifying against him.  See Schuler v. Wainwright, 491 F.2d 1213, 1224 (5th Cir. 1974) ("a defendant has no right to confront a 'witness' who provides no evidence at the trial").  Ms. Pearson did not testify, and no hearsay statements made by Ms. Pearson were proffered at petitioner's trial.  Thus, to the extent that petitioner claims that the state's failure to present Ms. Pearson's testimony violated his right to confront witnesses against him, it is respectfully recommended that he has failed to state a claim for federal habeas relief.

### 1.     Standard of Review Pursuant to <u>Jackson v. Virginia</u>.

The Due Process Clause of the Fourteenth Amendment requires that there be "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." <u>In re Winship</u>, 397 U.S. 358, 364 (1970). When a court reviews a state conviction in a federal habeas corpus proceeding, which involves a claim that petitioner's conviction is based on insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original) (citation omitted).  "[I]n a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 ... the applicant is entitled to federal habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." <u>Id.</u> at 323; <u>accord</u> <u>Ramirez v. Dretke</u>, 398 F.3d 691, 694-95 (5th Cir.), <u>cert.</u> <u>denied</u>, 126 S. Ct. 51 (2005).

In examining the evidence in a light most favorable to the verdict, this Court must "apply this standard looking to the state's substantive law, giving great weight to the state court's determination." <u>Miller v. Johnson</u>, 200 F.3d 274, 286 (5th Cir. 2000) (citing <u>Foy v. Donnelly</u>, 959 F.2d 1307, 1313-14 (5th Cir. 1992)).

12

### 2.      Petitioner's Claim of Insufficient Evidence Lacks Merit.

The Texas Penal Code states that "[a] person commits an offense if, without the effective consent of the owner, the person: (1) enters a habitation ... with intent to commit a felony, theft, or an assault."  Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003).  Petitioner claims that had Leslie Pearson, rather than Mary Aman, testified at trial, she would have testified that she had given him consent to enter the home, and that without her testimony, the state lacked sufficient evidence to convict him.  (D.E. 1, at 7).  When he raised this claim in his direct appeal the court found that because the homeowner testified, coupled with petitioner's written confession, the evidence was sufficient to sustain his conviction.  Rosas v. State, slip op. at 2.  The court found that the owner's testimony was sufficient because under Texas law, an owner includes one who "has title to the property."  Id. (citing Tex. Pen. Code Ann. § 1.07(a)(35) (Vernon Supp. 2004-05)).  The Texas Court of Criminal Appeals also denied this claim in petitioner's state habeas application.  Ex parte Rosas, App. No. WR-65,119-01, at cover.  This Court must defer to the state court's determination of its law.  See Miller, 200 F.3d at 286.

The record does not support petitioner's claim that the state lacked sufficient evidence to convict him of burglary.  Petitioner has presented no evidence to support his allegation that Ms. Pearson's testimony would have proven that she

knew him and gave him her consent to enter the home.

Furthermore, in addition to Ms. Aman's testimony that petitioner did not have permission to enter her home, his signed confession to the burglary was admitted into evidence at trial.  See 2 R.R. at State's Ex. 9.  In the confession, petitioner admitted to breaking into the house to steal money for gas.  Id.

At trial, he testified that he had met a woman, Gloria, at a bar the night before the incident.  2 R.R. 108-13.  He claims that she stole money from him and that he went to the house to get it back, but realized that it was the wrong house.  2 R.R. 114-20.  He testified that he did not steal any jewelry, and insinuated that the ring found in his pocket was put there by one of the police officers, who he alleged was Ms. Pearson's ex-boyfriend.  Id. at 121-25.

The Fifth Circuit has explained that "[a]ll credibility determinations and reasonable inferences are to be resolved in favor of the jury's verdict."  United States v. Nguyen, 28 F.3d 477, 480 (5th Cir. 1994) (citing United States v. Ruiz, 987 F.2d 243, 249 (5th Cir. 1993)).  Viewing the evidence in the light most favorable to the verdict, ample evidence exists for a rational trier of fact to have found that petitioner committed the offense charged.  His claim of insufficient evidence fails to overcome the presumption of correctness to which the state court's findings are entitled.  Thus, it is respectfully recommended that petitioner's

14

claim regarding insufficient evidence lacks merit and fails to state a claim for federal habeas relief.

**C.      Petitioner's Claims of Ineffective Assistance of Counsel.**

Petitioner claims that both his trial and appellate counsel delivered ineffective assistance.  (D.E. 1, at 7-8).  Specifically, he asserts that his trial counsel failed to investigate the case, failed to call a witness to disprove his guilt, failed to present a sound defense, and failed to object to numerous errors.  (D.E. 1, at 7).  He claims that his appellate counsel rendered ineffective assistance by failing to raise reversible errors.  Id.

**1.      Standard of Review Pursuant to Strickland v. Washington.**

The Fifth Circuit has determined that "under AEDPA a state court decision rejecting a *Strickland* claim must be accepted unless it was an unreasonable application of its teaching."  Granados v. Quarterman, 455 F.3d 529, 534 (5th Cir.), cert. denied, 127 S. Ct. 732 (2006).  To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that: (1) counsel's performance was deficient, and (2) that the deficient performance resulted in actual prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In order to show counsel's performance was deficient, petitioner must show that "counsel made errors so serious that counsel was not functioning as the

15

'counsel' guaranteed the defendant by the Sixth Amendment." Id.  He must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  See Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred.  Strickland, 466 U.S. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.  The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment.  Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).

The Fifth Circuit has explained that due to "the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices."  Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993).  In addition, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious

unfairness."  Johnson v. Dretke, 394 F.3d 332, 337 (5th Cir. 2004) (citations omitted).  However, a reviewing court need not consider the deficiency prong if it concludes that petitioner has failed to show actual prejudice.  Strickland, 466 U.S. at 697; Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

Under the second prong of the Strickland two-part test, petitioner may not simply allege, but must affirmatively prove actual prejudice, resulting from the ineffective assistance of counsel.  Strickland, 466 U.S. at 693.  Thus, he must affirmatively show that his counsel's actions deprived him of a fair trial.  See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987).  Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance).

Petitioner has the burden of proof under the Strickland test.  See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) (holding burden of proof is on petitioner in a federal habeas proceeding).  He must establish "actual prejudice as a result of his counsel's ineffectiveness."  Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted).  In addition, conclusory allegations of ineffective

assistance of counsel do not give rise to a constitutional claim for federal habeas

relief.  See Miller, 200 F.3d at 282.  ("Because [petitioner] failed to set forth the

nature of *any* of the errors trial counsel purportedly failed to preserve and did not

assert any resulting prejudice, the district court properly determined that these three

claims of ineffective assistance were conclusory.").  The Fifth Circuit has further

held that "'[i]n the absence of a specific showing of how these alleged errors and

omissions were constitutionally deficient, and how they prejudiced [petitioner], ...

we [can find] no merit to these [claims].'"  Id. at 282 (quoting Barnard v. Collins,

958 F.2d 634, 642 (5th Cir. 1992)).                    Finally, in order to prove that

he is entitled to federal habeas relief due to ineffective assistance of counsel,

petitioner must overcome the presumption of correctness to which the state court's

findings are entitled.  See Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003)

("It bears repeating that the test for federal habeas purposes is *not* whether

[petitioner made a showing under *Strickland*, but] ... whether the state court's

decision-that [the petitioner] did *not* make the *Strickland*-showing-was contrary to,

or an unreasonable application of, the standards, provided by the clearly

established federal law (*Strickland*), for succeeding on his IAC claim.").

**2.      Petitioner's Claims of Ineffective Assistance of Trial Counsel.**

**a.      Trial Counsel's Failure to Properly Investigate the Case and Prepare a Sound Defense.**

Petitioner alleges that his trial counsel failed to properly investigate the case and prepare a sound defense.  (D.E. 1, at 7).  He does not specify what an investigation would have revealed, and does not elaborate on his claim that counsel did not prepare an adequate defense.  "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1999) (citations omitted).  In addition, absent a showing of how his counsel's strategic choices regarding trial strategy were not within the realm of acceptable professional assistance, this Court cannot accept petitioner's claim that his counsel rendered ineffective assistance such that he was denied his right to a fair trial.  See Yohey, 985 F.2d at 228.  Petitioner has presented no more than conclusory allegations that his trial counsel rendered ineffective assistance by failing to investigate the case and prepare an adequate defense.  Without more, this Court cannot grant habeas relief.  See Miller, 200 F.3d at 282.  Petitioner has also not presented any facts to suggest the state court's adjudication of his claims was contrary to federal law or unreasonable.

19

It is respectfully recommended that petitioner's claims that his trial counsel rendered ineffective assistance by failing to adequately investigate the case and prepare a sound defense are conclusory and do not state a claim for federal habeas relief.

### b.    Trial Counsel's Failure to Call Witnesses.

Petitioner claims that his trial counsel rendered ineffective assistance by failing to call witnesses in support of his defense.  (D.E. 1, at 7).  He does not state who should have been called as a witness, but did assert that Ms. Pearson would have testified that she gave him her consent to enter the home.  See id.  He has not presented any affidavits or other evidence in support of this claim.

The Fifth Circuit has determined that "'[h]ypothetical or theoretical' testimony will not justify the issuance of a writ...."  Martin v. McCotter, 796 F.2d 813, 819 (5th Cir. 1986).  Furthermore, "'the presentation of testimonial evidence is a matter of trial strategy and ... allegations of what a witness would have testified are largely speculative.'"  Coble v. Dretke, 444 F.3d 345, 350 (5th Cir. 2006) (citations omitted).  Finally, "[c]omplaints about uncalled witnesses are not favored."  Id.  Petitioner has presented nothing to suggest that his counsel's decision not to call a specific witness or witnesses in support of his defense was not a legitimate choice in trial strategy.  His conclusory allegation does not give

rise to a claim for federal habeas relief.  See Miller, 200 F.3d at 282.

It is respectfully recommended that petitioner's claim that his trial counsel rendered ineffective assistance by failing to call witnesses in support of his defense is conclusory and without merit.

### c.    Trial Counsel's Failure to Object to Errors.

Petitioner claims that his trial counsel failed to object to numerous errors. (D.E. 1, at 7).  He does not state what specific errors to which he believes his counsel should have objected, but did not.  This Court must give deference to counsel's trial strategy, and petitioner has the burden of proving that his counsel's failure to object resulted in ineffective assistance.  See Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992) ("Courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and a defendant must overcome the presumption that the 'challenged action might be considered sound strategy.'" (quoting Strickland, 466 U.S. at 689).  Petitioner has raised only a conclusory allegation that counsel rendered ineffective assistance by failing to object to errors during trial, which is insufficient to warrant federal habeas relief.  See United States v. Holmes, 406 F.3d 337, 361 (5th Cir. 2005); Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998) (citation omitted).

It is respectfully recommended that petitioner's claim that his trial counsel

rendered ineffective assistance by failing to object to errors is conclusory and fails to state a claim for habeas relief.

### 3.      Petitioner's Claim of Ineffective Assistance of Appellate Counsel.

Petitioner claims that his appellate counsel should have raised the issue that the police officer who testified allegedly committed perjury in stating that petitioner did not know Ms. Pearson.  (D.E. 1, at 7).  He also claims that his counsel failed to raise other reversible errors on appeal.  Id.  However, he does not elaborate on what these other reversible errors that should have been raised were.

The Supreme Court has explained that "the proper standard for evaluating [a petitioner's] claim that appellate counsel was ineffective ... is that enunciated in Strickland."  Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Smith v. Murray, 477 U.S. 527, 535-36 (1986)).  Therefore, petitioner must show that his counsel's performance was deficient, and that such deficiency resulted in actual prejudice. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (citations omitted). In addition, he must overcome the presumption of correctness to which the state court's findings are entitled.  See Schaetzle, 343 F.3d at 444.

Counsel is not required to raise every nonfrivolous issue on appeal.  Givens v. Cockrell, 265 F.3d 306, 310 (5th Cir. 2001) (citation omitted); see also Jones v. Barnes, 463 U.S. 745, 749 (1983) ("[I]t is [an attorney's] professional duty to

choose among potential issues" for an appeal). Furthermore, the Texas Court of Criminal Appeals denied the claims that petitioner asserts his counsel should have raised on appeal, that were in his state habeas application. Ex parte Rosas, App. No. WR-65,119-01, at cover. Therefore, petitioner cannot show that any prejudice resulted from his counsel's failure to argue the points that he raises in his habeas petition. See Vega v. Johnson, 149 F.3d 354, 362 (5th Cir. 1998) (the Texas Court of Criminal Appeals' finding that an issue was without merits demonstrates that "counsel could hardly have committed an egregious error in failing to make the argument"). Petitioner fails to show that the state court's adjudication of his claims of ineffective assistance of counsel was contrary to federal law or unreasonable.

It is respectfully recommended that petitioner's claim that he received ineffective assistance of appellate counsel is without merit.

**D.      Petitioner's Claim of Prosecutorial Misconduct.**

Petitioner claims that his right to due process was violated because the prosecutor failed to correct perjured testimony and had improper communications with the jury. (D.E. 1, at 8).

**1.      Standard of Review for Prosecutorial Misconduct.**

The Supreme "Court has recognized that prosecutorial misconduct may 'so infec[t] the trial with unfairness as to make the resulting conviction a denial of due

process.'" Greer v. Miller, 483 U.S. 756, 765 (1987) (quoting Donnelly v.

DeChristoforo, 416 U.S. 637, 643 (1974)).  In order for prosecutorial misconduct

to result in a constitutional violation that establishes a habeas claim, "the

prosecutorial misconduct must be 'of sufficient significance to result in the denial

of the defendant's right to a fair trial.'"  Id. (quoting United States v. Bagley, 473

U.S. 667, 676 (1985)).  In determining whether the defendant has been denied a

fair trial, the prosecutor's remarks or questions must be placed in the context of the

entire trial, along with counsel's objections and any curative instructions given by

the judge.  See id. at 766-67 (citations omitted).

A petitioner "must show that the actions of the prosecutor so infected the

trial with unfairness as to make the resulting conviction a denial of due process."

Kutzner v. Johnson, 242 F.3d 605, 609 (5th Cir. 2001) (citations omitted).  Three

factors are to be considered in addressing a claim of prosecutorial misconduct: "1)

the magnitude of the prejudicial effect of the remarks; 2) the efficacy of any

cautionary instruction given by the judge; and 3) the strength of the evidence

supporting the conviction."  Styron v. Johnson, 262 F.3d 438, 449 (5th Cir. 2001)

(citation omitted).  Improper prosecutorial comments only require reversal if they

"substantially affect the defendant's right to a fair trial."  Id. (citation omitted).

"'The determinative question in such an inquiry is 'whether the prosecutor's

remarks cast serious doubt on the correctness of the jury's verdict.'" <u>United States v. Guidry</u>, 456 F.3d 493, 505 (5th Cir. 2006) (citation omitted), <u>cert.</u> <u>denied</u>, __ S. Ct. __, 2007 WL 37074 (Jan. 8, 2007).

    2.    **Petitioner's Claims of Misconduct by the Prosecutor Lack Merit.**

    a.    **Prosecutor's Failure to Correct Perjured Testimony.**

Petitioner alleges that the "arresting officer lied on the stand, about, not knowing the owner Leslie, Pearson, [sic] and the state did nothing to correct" the perjured testimony.  (D.E. 1, at 8).  The record shows that petitioner's claim is wholly without merit.  At the trial, the officer testified as follows:

> Q.    And who was the resident?
>
> A.    Leslie Pearson.
>
> Q.    Okay.  And how do you know Leslie Pearson?
>
> A.    We attended school together.
>
> Q.    High school?
>
> A.    Yes.
>
> Q.    Okay.  And you know Mary and Tom Aman, too?
>
> A.    Yes, very well.
>
> Q.    And how do you know them?
>
> A.    Through business in town; just local citizens.  I have worked with Mr. Aman before.  He's worked

25

for us; hauled cattle for us.

2 R.R. 47-48.  Petitioner has presented no affidavits or other evidence to suggest that the officer was lying about how he knew Ms. Pearson.  He has presented no reason why the state court's determination of this claim was contrary to federal law or unreasonable.  It is respectfully recommended that petitioner's claim that the prosecutor failed to correct perjured testimony is without merit.

### b.    Prosecutor's Alleged Communication with Jurors.

Petitioner claims that the prosecutor talked to the jurors after they were dismissed.  (D.E. 1, at 8).  Specifically, he simply asserts that "the district prosecutor attorney was seen by witnesses going up the stairs along side jurors when they were dismissed to deliberate."  Ex parte Rosas, App. No. WR-65,119-01, at 24.  He claims there are sworn statements regarding this matter, id., but has presented no affidavits from any juror or any other evidence to substantiate this claim.  He has failed to state what the prosecutor allegedly said to the jurors, or even whether the communication was a comment by the prosecutor or a conversation with one or more jurors.

Petitioner's conclusory assertion is insufficient to state a claim that the prosecutor's conduct was significant and so infected his trial with unfairness as to deny him due process.  See Greer, 107 U.S. at 766; see also Murphy v. Johnson,

26

205 F.3d 809, 813-14 (5th Cir. 2000) (requiring habeas petitioner to plead more

than conclusory and speculative allegations of prosecutorial misconduct in order to

proceed).  In addition, he has failed to show how the state court's adjudication of

this claim was contrary to federal law or unreasonable.

It is respectfully recommended that petitioner's claim that the prosecutor

engaged in misconduct by improperly communicating with jurors is conclusory

and fails to state a claim for federal habeas relief.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of

appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a

notice of appeal, it is respectfully recommended that this Court nonetheless address

whether he would be entitled to a certificate of appealability.  See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on

a certificate of appealability because "the district court that denies a petitioner

relief is in the best position to determine whether the petitioner has made a

substantial showing of a denial of a constitutional right on the issues before that

court.  Further briefing and argument on the very issues the court has just ruled on

would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor

find that the issues presented are adequate to deserve encouragement to proceed.

Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is

respectfully recommended that the Court find that petitioner is not entitled to a

certificate of appealability as to his claims.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's

motion for summary judgment, (D.E. 11), be granted, and that petitioner's petition

for writ of habeas corpus be dismissed with prejudice.  It is further respectfully

recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 22nd day of January 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).